STATE OF CONNECTICUT *v.* EDGAR RODRIGUEZ
(AC 20827)

Foti, Dranginis and Dupont, Js.

Argued April 5—officially released May 22, 2001

*Suzanne Zitser*, assistant public defender, for the appellant (defendant).

*Richard F. Jacobson,* special assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Jr.,* senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Edgar Rodriguez, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a.[1] On appeal, the defendant claims that the trial court improperly instructed the jury on (1) proof beyond a reasonable doubt and (2) the element of intent. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On June 24, 1993, at approximately 4 p.m., the victim, Jose Rivera, was found shot to death in the front hallway of a two story house on Kossuth Street in Bridgeport. His body was found draped over backward on a bicycle, and seven bullet casings, bullets and fragments were found at the scene. About one-half hour earlier, the defendant and the victim had argued loudly about drugs when the defendant pulled out a black nine millimeter handgun and shot Rivera in the leg. Rivera ran with his bicycle toward the stairs to the house, and the defendant kept shooting. Rivera was hit in the back, and the defendant departed in an automobile, a white Jetta. The defendant is the registered owner of a white Jetta.

I

The defendant first claims that the court improperly instructed the jury regarding the state's burden of proof beyond a reasonable doubt by using the phrases "inge-

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

nuity of counsel" and "real doubt, honest doubt."[2] The defendant failed to submit a request to charge on the issue and took no exception to the charge given by the court. The defendant relies on *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), for review and, alternatively, seeks review under the plain error doctrine. Practice Book § 60-5. We will review the defendant's claim because the record is adequate for our review and because a claim of instructional error regarding the burden of proof is of constitutional magnitude. *State* v. *Green*, 62 Conn. App. 217, 242, 774 A.2d 157 (2001).

---

[2] The court instructed the jury in relevant part: "The burden of proof. The burden to prove the defendant guilty of the crime with which he is charged is upon the state. The defendant does not have to prove his innocence. This means that the state must prove beyond a reasonable doubt each and every element necessary to constitute the crime charged. In this case, murder. Whether the burden of proof resting upon the state is sustained depends not on the number of witnesses nor on the quantity of the testimony but on the nature and quality of the testimony. Please bear in mind that one witness' testimony is sufficient to convict if it establishes all the elements of the crime beyond a reasonable doubt.

"Reasonable doubt. The meaning of reasonable doubt can be arrived at by emphasizing the word reasonable. It is not a surmise, a guess or mere conjecture, nor is it doubt suggested by ingenuity of counsel or of a juror not warranted by the evidence. It is such a doubt as in the serious affairs that concern you, you would heed. That is, such a doubt as would cause reasonable men and women to hesitate to act upon it in matters of importance. It is not hesitation springing from any feelings of pity or sympathy for the accused or any other person who might be affected by your decision. It is, in other words, a real doubt, an honest doubt, a doubt that has its foundation in the evidence or lack of evidence. It is doubt that is honestly entertained and is reasonable in light of the evidence after a fair comparison and careful examination of the entire evidence. Proof beyond a reasonable doubt does not mean proof beyond all doubt. The law does not require absolute certainty on the part of the jury before it returns a verdict of guilty. The law requires that after hearing all the evidence, if there is something in the evidence or lack of evidence that leaves in the minds of the jurors as reasonable men and women a reasonable doubt as to the guilt of the accused, then the accused must be given the benefit of that doubt and acquitted. Proof beyond a reasonable doubt is proof that precludes every reasonable hypothesis except guilt and is inconsistent with any other rational conclusion."

The defendant acknowledges that we, as an intermediate appellate court, do not reevaluate Supreme Court decisions and are bound by those decisions.[3] *State* v. *Goodman*, 35 Conn. App. 438, 442, 646 A.2d 879, cert. denied, 231 Conn. 940, 653 A.2d 824 (1994). Our Supreme Court has rejected constitutional challenges to instructional language identical to that presented in this appeal. *State* v. *Montgomery*, 254 Conn. 694, 729–31, 759 A.2d 995 (2000).[4] The defendant, therefore, cannot establish that the third condition of *Golding* has been met, i.e., that the alleged constitutional violation clearly exists and clearly deprived him of a fair trial.

## II

The defendant next claims that the court improperly instructed the jury on the essential element of intent. Specifically, he argues that the charge on intent to cause the death of another person was improper in that the court stated that it could be proved by finding that the defendant intended to engage in the conduct of firing a gun, rather than finding that he intended to cause the result of his conduct, the victim's death. We disagree.

The defendant neither filed a request to charge nor noted an exception to the instruction as given. He seeks review under the principles set forth in *State* v. *Golding*, supra, 213 Conn. 239–40, or under the plain error doctrine. We will review the defendant's claim pursuant to *Golding* because the record is adequate and an improper instruction on an element of an offense is of constitutional dimension. *State* v. *Austin*, 244 Conn. 226, 235, 710 A.2d 732 (1998).

---

[3] The defendant's brief was written at a time when this case was pending in the Supreme Court, before the case was transferred to this court.

[4] While directing trial courts to refrain from using the "ingenuity of counsel" language in the future, our Supreme Court has nevertheless rejected the claim that the language is constitutionally defective. *State* v. *Montgomery*, supra, 254 Conn. 731 n.41.

The court instructed the jury as follows: "The defendant is charged with the crime of murder in violation of § 53a-54a (a) of the state of Connecticut Penal Code, which insofar as is pertinent to this case provides as follows: A person is guilty of murder when, with the intent to cause the death of another person, he causes the death of such person. I'll read that to you again. A person is guilty of murder when, with the intent to cause the death of another person, he causes the death of such person.

"For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt. That this defendant intended to cause the death of another person and that in accordance with that intent the defendant caused the death of that person. In order to convict the defendant of murder, you must find first that the defendant caused the death, you must also find—you must find proven beyond a reasonable doubt that the victim died as a result of the actions of the defendant. The state must prove beyond a reasonable doubt that the defendant caused the death of the victim with the intent to cause that death.

"What do I mean by intent? Intent relates to the condition of mind of the person who commits the act. His purpose in doing it. As defined by our statute, a person acts intentionally with respect to a result or *to conduct* when his conscious objective is to cause such result or *to engage in such conduct.* What a person's purpose or intention has been is usually a matter to be determined by inference. No person is able to testify that he looked into another's mind and saw therein a certain purpose or intention to do harm to another. The only way in which a jury can ordinarily determine what a person's purpose or intention was at a given time is by determining what that person's conduct was and what the circumstances were surrounding that conduct, and from that infer what his purpose or intention was. To

draw such an inference is not only the privilege but also the proper function of a jury provided, of course, that the inferences drawn compl[y] with the standards for inferences as explained in connection with my instructions on circumstantial evidence." (Emphasis added.) The italicized words are those on which the defendant rests his argument.

A defendant in a criminal case is entitled to a clear and unequivocal charge by the court that his guilt must be proved beyond a reasonable doubt. *State* v. *DelVecchio*, 191 Conn. 412, 420, 464 A.2d 813 (1983). "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . *State* v. *Denby*, 235 Conn. 477, 484–85, 668 A.2d 682 (1995). [I]n appeals involving a constitutional question, [the standard is] whether it is reasonably possible that the jury [was] misled. . . . *State* v. *Delgado*, 247 Conn. 616, 625, 725 A.2d 306 (1999).

"In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to

be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result. . . . *State* v. *Prioleau*, 235 Conn. 274, 284, 664 A.2d 743 (1995) . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Griffin*, 251 Conn. 671, 713–15, 741 A.2d 913 (1999).

A jury charge regarding the intent to engage in proscribed conduct is irrelevant to a murder prosecution under § 53a-54a. *State* v. *Prioleau*, supra, 235 Conn. 322. The issue then becomes whether it is reasonably possible that the jury was misled by the improper instruction. *State* v. *Austin*, supra, 244 Conn. 236.

In *State* v. *Francis*, 246 Conn. 339, 358, 717 A.2d 696 (1998), our Supreme Court addressed the distinction between an instruction on intent to cause a result, death, and intent to engage in proscribed conduct. The court concluded that, viewing the instruction in its entirety, it was not misleading because the trial court in that case repeatedly instructed the jury that to find the defendant guilty of murder, it first had to find that he intended to cause the death of the victim. Id.; see also *State* v. *Prioleau*, supra, 235 Conn. 322.

Here, the court's instruction improperly referred to "conduct" twice within the same sentence. The instruction, however, properly referred to the intent to cause a result, death, on five occasions, twice when reading the statutory definition of § 53a-54a (a) and three additional times as a prerequisite to finding the defendant guilty of the crime charged. It is not reasonably possible that the jury was misled by the repeated instruction that, to find the defendant guilty of murder, it first had to find that he intended to cause the death of the victim.

The defendant claims that this matter is "totally distinguishable from both *Austin* and *Prioleau*" and is more analogous to *State* v. *DeBarros*, 58 Conn. App.

673, 755 A.2d 303, cert. denied, 254 Conn. 931, 761 A.2d 756 (2000). We distinguish *DeBarros* because the court in that case read the entire statutory definition contained in General Statutes § 53a-3 (11), including a reference to intent to engage in proscribed conduct, and either read or referred back to that language seven to ten times. Id., 683. In the present case, the court neither read the entire statute nor referred to "conduct" other than in one sentence. Furthermore, *DeBarros* involved three crimes, namely, murder, attempt to commit murder and assault in the first degree, each requiring a specific intent. In *DeBarros*, the court "read the instruction as a specific definition of the intent required for the crimes charged." Id. In the present case, however, the court read the improper instruction in one sentence and only as part of a general definition of intent.

We conclude that it is not reasonably possible that the court's instruction on the element of intent misled the jury.

The judgment is affirmed.

In this opinion the other judges concurred.