## CHRISTOPHER KENNEDY *v.* LEANNA PUTMAN
### (AC 26685)

DiPentima, McLachlan and Harper, Js.

Argued May 24—officially released October 3, 2006

*Christopher Kennedy,* pro se, the appellant (plaintiff).

*Opinion*

McLACHLAN, J. The plaintiff, Christopher Kennedy, appeals pro se from the denial of his application for a

restraining order against the defendant, Leanna Put-man,[1] made pursuant to General Statutes § 46b-15.[2] The plaintiff claims that the trial court's decision was contrary to the evidence presented at the hearing and that it failed to accommodate his disability, attention deficit disorder, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. We dismiss the appeal as moot.[3]

The following facts and procedural history are relevant to the disposition of the plaintiff's appeal. The parties, once married to each other, have three minor children. Sole custody of the children has been awarded to the defendant. On May 11, 2005, the plaintiff filed an application for relief from abuse against the defendant pursuant to § 46b-15. In that application, the plaintiff claimed, inter alia, that the defendant had left the country with their twelve year old daughter[4] and placed the

---

[1] The defendant did not file a brief or participate in the appeal.

[2] General Statutes § 46b-15 (a) provides: "Any family or household member as defined in section 46b-38a who has been subjected to a continuous threat of present physical pain or physical injury by another family or household member or person in, or has recently been in, a dating relationship who has been subjected to a continuous threat of present physical pain or physical injury by the other person in such relationship may make an application to the Superior Court for relief under this section."

[3] Because we conclude that the plaintiff's claims are moot, we do not reach the issue of whether a denial of an application for a restraining order made pursuant to General Statutes § 46b-15 is a final judgment for purposes of appeal. See *Jones* v. *Ricker*, 172 Conn. 572, 375 A.2d 1034 (1977). We also do not reach the plaintiff's claim that the court failed to afford him reasonable accommodations under the American with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. At oral argument before this court, the plaintiff indicated that he should have been provided with an "interpreter" at the hearing on his application, i.e., someone familiar with his disability who could have effectively communicated his position to the trial court. In essence, the plaintiff was describing the services of an attorney. The general rule is that court-appointed counsel is not available in civil proceedings. *Statewide Grievance Committee* v. *Friedland*, 222 Conn. 131, 145–46, 609 A.2d 645 (1992). We also note that the plaintiff's argument before this court, although not legally persuasive, was articulate.

[4] At the hearing on the application, it was undisputed that the defendant and her daughter had gone to Canada for a one week field trip.

remaining children in the care of her boyfriend, Thomas Fournier, that Fournier had threatened the plaintiff and the children with physical violence, and that the children repeatedly were left home alone. A hearing was held on the application on May 23, 2005, at which time the plaintiff called witnesses and submitted exhibits. By order dated May 23, 2005, the court denied the application, stating: "The court, having carefully considered the credible evidence and the criteria outlined in General Statutes § 46b-15, finds that there is an insufficient basis for granting the plaintiff's application." This appeal followed.

Two restraining orders previously had been issued pursuant to § 46b-15 in favor of the defendant against the plaintiff. The plaintiff filed separate appeals from the trial court's decisions extending those restraining orders. This court dismissed those appeals as moot because the restraining orders expired while the appeals were pending. Our Supreme Court granted the plaintiff's petitions for certification to appeal to determine whether the appeals properly were dismissed on the ground of mootness. After consolidating both certified appeals for briefing and argument, the court concluded that the appeals were rescued from mootness by the "collateral consequences" doctrine.[5] *Putman* v. *Kennedy*, 279 Conn. 162, 164–65, 900 A.2d 1256 (2006).

Because this case involves the denial of an application for a restraining order pursuant to § 46b-15, which was sought on the basis of an event that has passed, we must determine whether this appeal is moot and whether there are any exceptions that would preclude

[5] Here, the "collateral consequences" doctrine is not applicable. The plaintiff does not argue, and this court cannot discern from the record, any collateral consequences that have occurred as the result of the denial of his application for relief from abuse filed pursuant to General Statutes § 46b-15.

its dismissal. "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 92 Conn. App. 327, 339–40, 885 A.2d 207 (2005), cert. granted on other grounds, 277 Conn. 913, 895 A.2d 790 (2006).

Here, the plaintiff has appealed from the denial of his application for relief from abuse against the defendant that had been filed pursuant to § 46b-15. Initially, he sought a restraining order against the defendant and Fournier. The plaintiff crossed out Fournier's name, as a person against whom the application was filed, and initialed that deletion. The stated basis for the plaintiff's fear of physical harm to him and his children, as set forth in his application and as presented at the hearing, was the claim that the defendant had "left the country" with one of their daughters and left the other two minor children in the care of Fournier. The plaintiff claimed that Fournier threatened him and his children with physical violence, prevented the children from seeing the plaintiff, made false claims about the plaintiff to the police and left the children at home alone and without supervision. According to the plaintiff, those actions placed the children in imminent danger. The relief

sought by the plaintiff was the issuance of restraining orders against the defendant and Fournier and the granting of temporary custody of the three minor children to the plaintiff.

The incident that triggered the filing of the plaintiff's application was a one week field trip to Canada taken by the defendant and one of the parties' daughters in May, 2005. The event that precipitated the plaintiff's request for relief has long since passed. Even if this court were to conclude that the court's denial of the application was improper, we are unable to afford any practical relief to the plaintiff. Nevertheless, even if an appeal is moot because no practical relief is available, the appeal may still be heard under the exception that the issues on appeal are "capable of repetition, yet evading review."[6]

"Our cases reveal that for an otherwise moot question to qualify for review under the 'capable of repetition, yet evading review' exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a

---

[6] The plaintiff argues, as he did in *Putman* v. *Kennedy*, supra, 279 Conn. 162, that the "capable of repetition, yet evading review" exception applies to his circumstances. In footnote 14 of *Putman*, the court found his reliance on that exception to be misplaced and, instead, analyzed his claim under the "collateral consequences" doctrine. Id., 175 n.14. The procedural posture of the present appeal is entirely different. The requested restraining order against the defendant was denied, and the plaintiff has not claimed that he suffered any collateral consequences from that denial. Instead, as recognized by the court in *Putman*, "the 'capable of repetition, yet evading review' exception might well be applicable in a domestic violence restraining order case raising broader issues than those presented . . . ." Id., 176 n.14. We therefore review the plaintiff's claim that the "capable of repetition, yet evading review" exception applies under these circumstances to determine whether the plaintiff's appeal can be heard.

reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *In re Jeffrey C.*, 64 Conn. App. 55, 65, 779 A.2d 765 (2001), rev'd on other grounds, 261 Conn. 189, 802 A.2d 772 (2002).

We conclude that the first requirement has been met. A temporary restraining order, by its very nature, is of limited duration and subject to expiration prior to any appellate litigation that ensues. Id., 66. The validity of a denial of an application for a restraining order pursuant to § 46b-15, which is the challenged action in this appeal, by its nature also will become moot before appellate litigation can be concluded. The remaining requirements necessary to qualify for the "capable of repetition, yet evading review" exception, however, have not been met.

First, the plaintiff has not established that the matter involved in this appeal rises to the level of public importance contemplated by *Loisel* v. *Rowe*, 233 Conn. 370, 387–88, 660 A.2d 323 (1995). Our Supreme Court addressed this element of the "capable of repetition, yet evading review" test in *Putman* v. *Kennedy*, supra, 279 Conn. 162. "[T]he defendant's claim fails under the 'public interest' element . . . because, as demonstrated by his appellant's brief filed in the Appellate Court [which thereafter dismissed as moot his appeals from the extension of two prior restraining orders], his claims, although undeniably important to him personally, are by their very nature limited to these cases. Specifically, although the defendant claims numerous due process and statutory violations, his pro se brief filed before the Appellate Court indicates that they all

are rooted in the trial court's exercise of its discretion *with respect to the facts of these particular cases,* and his brief to this court, filed by counsel, does not indicate otherwise. Thus, although the 'capable of repetition, yet evading review' exception might well be applicable in a domestic violence restraining order case raising broader issues than those presented here, the Appellate Court properly concluded that the exception did not apply to this appeal. It, therefore, appropriately relied on its decision in *In re Jeffrey C.,* supra, 64 Conn. App. 66–67, in which it rejected application of the 'capable of repetition, yet evading review' exception to a case that also was limited to record specific claims." (Emphasis in original.) *Putman* v. *Kennedy,* supra, 176 n.14. Accordingly, for those same reasons, the plaintiff's claim in this appeal does not rise to the requisite level of public importance.

Second, in determining this issue, we find it of great significance that the plaintiff utilized an improper vehicle for the relief he sought in the trial court. Two restraining orders already had been issued against the plaintiff, and he repeatedly stated that he wanted those orders to be modified. The plaintiff indicated that he was distressed because he was unable to have unsupervised visits with his children. From the plaintiff's testimony at the hearing, it was clear that he believed that the restraining orders issued against him were the result of untrue statements made by the defendant and Fournier to the police and the court. The plaintiff wanted custody of his children or a modification of the restraining orders that had been issued against him. He chose to file an application seeking a restraining order against the defendant instead of filing a motion to modify the existing restraining orders against him or a motion to modify the custody orders with respect to the three minor children.

An application for a temporary restraining order was not the proper procedural vehicle under those circumstances, and the issue became moot and incapable of review when the temporary situation precipitating the plaintiff's request, i.e., the one week field trip, passed. The plaintiff's issues do not qualify for review under the "capable of repetition, yet evading review" exception to the mootness doctrine, and there is no practical relief that we can afford the plaintiff.

The appeal is dismissed.

In this opinion the other judges concurred.