ANTHONY SMALL *v.* STATE OF CONNECTICUT

Schaller, Bishop and Gruendel, Js.

---

Considered December 13, 2006—officially released May 15, 2007

*Anthony Small,* pro se, in support of the motion.

*Opinion*

BISHOP, J. The pro se petitioner, Anthony Small, seeks review of the trial court's order denying his request for appointment of counsel to pursue an appeal from the denial of his petition for new trial. We grant

the petitioner's motion for review but deny the relief requested therein.

In 1995, following a jury trial, the petitioner was convicted of capital felony in violation of General Statutes § 53a-54b (8), two counts of felony murder in violation of General Statutes § 53a-54c and conspiracy to commit robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) and § 53a-48. On appeal, our Supreme Court reversed the judgment in part and remanded the case to the trial court with direction to vacate the capital felony conviction and to impose a sentence on the felony murder charges. *State* v. *Small*, 242 Conn. 93, 700 A.2d 617 (1997). The trial court thereafter imposed a total effective sentence of forty-five years incarceration.

On February 16, 2001, the petitioner filed a petition for new trial pursuant to General Statutes § 52-270 and Practice Book § 42-55, in which he alleged actual innocence on the basis of newly discovered evidence. The petitioner further alleged that the state failed to disclose exculpatory evidence and that the trial court improperly charged the jury on consciousness of guilt. On July 7, 2006, the court denied the petitioner's request for a new trial. Thereafter, the petitioner filed a petition for certification to appeal and an application for waiver of fees, costs and expenses and for the appointment of counsel on appeal. On August 9, 2006, the court found that the petitioner was indigent and, therefore, granted the application for waiver of fees, costs and expenses on appeal but denied his request for the appointment of appellate counsel. The court also denied the petition for certification to appeal on the ground that there were no questions involved that merited review by an appellate court. The petitioner filed with this court a motion for review of the trial court's order denying the appointment of appellate counsel. Subsequently, the court articulated that it had denied the request to

appoint counsel because the action was a civil proceeding ancillary to the original criminal matter, because five previous requests for the appointment of counsel had been denied and because there were no questions involved that should be reviewed by an appellate court.

The petitioner now asks this court to reverse the trial court's order denying his request for the appointment of counsel. Specifically, the petitioner argues that a trial court has the discretion to appoint counsel pursuant to General Statutes §§ 51-291 (11)[1] and 51-293 (a)[2] and that because the court found the petitioner indigent, it should have exercised that discretion to appoint counsel because he has limited resources to pursue an appeal while incarcerated. We disagree.

In deciding a motion for review of a trial court's order concerning the appointment of appellate counsel, we must determine whether the court abused its discretion. "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." *Yanow* v. *Teal Industries, Inc.*, 196 Conn. 579, 583, 494 A.2d 573 (1985). "Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether

[1] General Statutes § 51-291 provides in relevant part: "The Chief Public Defender shall . . . (11) Maintain one or more lists of trial lawyers who may be available to represent persons in habeas corpus proceedings arising from criminal matters, or to represent juveniles in delinquency matters before the court, or to represent persons *in other appropriate matters* on a case by case basis, as needed, which lawyers shall be selected by a judge of the court before which the matter is to be heard." (Emphasis added.)

[2] General Statutes § 51-293 (a) provides in relevant part: "(1) The [public defender services] commission shall appoint a public defender for each judicial district and a public defender who shall handle appellate matters . . . . (2) This section shall not prevent a judge of the Superior Court from appointing a special assistant public defender on a contractual basis for a temporary period of time in an appropriate case . . . . Whenever possible, any such appointment shall be made from a list of attorneys provided by the commission and submitted to the court by the office of the Chief Public Defender. . . ."

the trial court correctly applied the law and could reasonably have reached the conclusion that it did." *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 545, 616 A.2d 814 (1992).

The petitioner argues that § 51-291 directs the public defender services commission to maintain a list of attorneys from which a trial court may appoint counsel to represent a person in appropriate matters. The petitioner also asserts that § 51-293 permits a trial court to appoint a special public defender in appropriate cases. Assuming, without deciding, that those statutes provided the petitioner an avenue for requesting court-appointed counsel, we determine that the court did not abuse its discretion in this case because the petitioner is neither statutorily nor constitutionally entitled to court-appointed counsel.

"The general rule is that court-appointed counsel is not available in civil proceedings." *Kennedy* v. *Putman*, 97 Conn. App. 815, 816 n.3, 905 A.2d 1280 (2006). General Statutes § 54-95 (a) provides in relevant part that a criminal defendant may seek relief from a criminal conviction by filing a petition for a new trial "in the same manner and with the same effect *as in civil actions*. . . ." (Emphasis added.) A petition for a new trial is collateral to the action in which a new trial is sought. *Redding* v. *Elfire, LLC*, 98 Conn. App. 808, 818, 911 A.2d 1141 (2006). In an action on a petition for new trial, a petitioner is not a criminal defendant but, rather, is a *civil* petitioner. *Seebeck* v. *State*, 246 Conn. 514, 545, 717 A.2d 1161 (1998). A proceeding on a petition for new trial, therefore, is not a criminal action. Rather, it is a distinct proceeding that is commenced by the service of civil process and is prosecuted as a civil action. *Redding* v. *Elfire, LLC*, supra, 818–19.

The legislature, however, has created exceptions to the general rule that court-appointed counsel is not

available in civil proceedings by providing for the appointment of counsel to represent indigent parties in certain civil actions. "Among those who have a statutory right to counsel in civil cases are petitioners in habeas corpus proceedings arising from criminal matters, General Statutes § 51-296 (a); litigants in termination of parental rights cases, General Statutes § 45a-717 (b), and proceedings on behalf of neglected, uncared for or dependent children or youths, General Statutes § 46b-135 (b); and persons who might be involuntarily confined due to mental condition or for purposes of quarantine, e.g., General Statutes §§ 17a-498 and 19a-221." W. Horton & K. Bartschi, Connecticut Practice Series: Connecticut Rules of Appellate Procedure (2007 Ed.) § 63-6, official commentary to 2006 amendments, p. 145. The petitioner offers no authority, nor does our research reveal any, suggesting that there is a statutory exception applicable in this case to the general rule that court-appointed counsel is not available in civil actions.

In addition to the foregoing, our legislature has statutorily provided that, once a trial court determines that a defendant is indigent, the court *must* appoint counsel (1) in any criminal action, (2) in any habeas corpus proceeding arising from a criminal matter, (3) in an extradition proceeding, or (4) in any delinquency matter. General Statutes § 51-296 (a).[3] Our appellate courts also have determined that "[i]n addition to creating a right to counsel in habeas proceedings themselves, § 51-296 creates a right to counsel in appeals therefrom." *Morgan* v. *Commissioner of Correction*, 87 Conn. App.

---

[3] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ."

126, 132, 866 A.2d 649 (2005); see also *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 651–52, 778 A.2d 121 (2001). It is evident that a proceeding on a petition for a new trial does not fall within the scope of any of the proceedings enumerated in § 51-296. Accordingly, we conclude that the petitioner does not possess a statutory right to appointed counsel pursuant to § 51-296.

Finally, we note that the petitioner also is not constitutionally entitled to court-appointed counsel. "[I]ndigent persons accused of a crime must be provided appointed counsel, *Gideon* [v. *Wainwright*, 372 U.S. 335, 344, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)]. But the Sixth Amendment [to the United States constitution] only applies to a defendant's trial and first appeal as of right, *not to appeals afforded on a discretionary basis, collateral proceedings, or civil proceedings . . . .*" (Emphasis added.) *Bourdon* v. *Loughren*, 386 F.3d 88, 96 (2d Cir. 2004), citing *Pennsylvania* v. *Finley*, 481 U.S. 551, 555–57, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Accordingly, we conclude that the petitioner is not entitled to court-appointed counsel in this ancillary civil action on a petition for a new trial.[4]

In denying the request for the appointment of counsel, the trial court in the present case noted that this is a civil action, that each of the petitioner's previous requests for counsel had been denied and that the petitioner's appeal appeared to lack merit. On the basis of our determination that the petitioner is not statutorily or constitutionally entitled to the appointment of counsel in the present case, notwithstanding his indigent status, we hold that the trial court did not abuse its

[4] The petitioner neither invokes nor provides an independent analysis under the state constitution. Accordingly, we limit our review in the present case to the federal constitution. See *State* v. *Reyes*, 81 Conn. App. 612, 614 n.2, 841 A.2d 237 (2004).

discretion in denying the application for the appointment of counsel.[5]

The motion for review is granted, but the relief requested therein is denied.

In this opinion the other judges concurred.

---

[5] Nothing in this opinion should be read to mean that the court could not have exercised its discretion to grant an application for appointment of appellate counsel. We hold only that under these circumstances the court's denial was not an abuse of discretion.