ANTHONY SMALL *v.* STATE OF CONNECTICUT
(SC 17950)

Rogers, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued November 19, 2008—officially released January 20, 2009

*Peter Tsimbidaros*, for the appellant (petitioner).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Anthony Small, was convicted in 1995 of two counts of felony murder in

violation of General Statutes § 53a-54c, one count of capital felony in violation of General Statutes (Rev. to 1989) § 53a-54b (8) and one count of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 and 53a-48. *State* v. *Small*, 242 Conn. 93, 94–95, 700 A.2d 617 (1997). On appeal, this court vacated the capital felony conviction and remanded the case for resentencing on the felony murder convictions. Id., 99. After resentencing, the petitioner filed a petition for a new trial, which the trial court denied. The petitioner then filed a motion for review of the trial court's ruling in the Appellate Court, which granted the motion for review but denied the relief requested therein. *Small* v. *State*, 101 Conn. App. 213, 220, 920 A.2d 1024 (2007). This court then granted the petitioner's petition for certification to appeal, limited to the following issues: (1) "Does this court have jurisdiction to consider a petition for certification from the denial of relief on a motion for review? See *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)"; and (2) "Is the Appellate Court's ruling consistent with our decision in *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007)?" *Small* v. *State*, 283 Conn. 913, 913–14, 929 A.2d 728 (2007). We conclude that this court improvidently granted certification and dismiss the appeal.

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "On February 16, 2001, the petitioner filed a petition for new trial pursuant to General Statutes § 52-270 and Practice Book § 42-55, in which he alleged actual innocence on the basis of newly discovered evidence. The petitioner further alleged that the state failed to disclose exculpatory evidence and that the trial court improperly charged the jury on consciousness of guilt. On July 7, 2006, the court denied the petitioner's request for a new trial. Thereafter, the petitioner filed a petition for certification to appeal and an application for waiver of

fees, costs and expenses and for the appointment of counsel on appeal. On August 9, 2006, the court found that the petitioner was indigent and, therefore, granted the application for waiver of fees, costs and expenses on appeal but denied his request for the appointment of appellate counsel. The court also denied the petition for certification to appeal on the ground that there were no questions involved that merited review by an appellate court. The petitioner filed with [the Appellate Court] a motion for review of the trial court's order denying the appointment of appellate counsel. Subsequently, the [trial] court articulated that it had denied the request to appoint counsel because the action was a civil proceeding ancillary to the original criminal matter, because five previous requests for the appointment of counsel had been denied and because there were no questions involved that should be reviewed by an appellate court." *Small* v. *State*, supra, 101 Conn. App. 215–16.

The petitioner's motion for review asked the Appellate Court to reverse the trial court's order denying his request for the appointment of counsel. Id., 216. The petitioner argued that "a trial court has the discretion to appoint counsel pursuant to General Statutes §§ 51-291 (11) and 51-293 (a) and that because the court found the petitioner indigent, it should have exercised that discretion to appoint counsel because he has limited resources to pursue an appeal while incarcerated." Id. The Appellate Court granted the motion for review; id., 220; but concluded that the trial court had no statutory authority to appoint counsel in a proceeding on a petition for a new trial. Id., 218–19. Accordingly, the Appellate Court denied the relief requested in the motion for review. Id., 220.

This certified appeal followed. The petitioner claims that: (1) the Appellate Court improperly concluded that a petition for a new trial does not come within the

purview of the phrase "any criminal action" under General Statutes § 51-296 (a); and (2) the Appellate Court's denial of the relief requested in the motion for review constitutes a final judgment subject to this court's appellate jurisdiction under *Curcio*. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.