## STATE OF CONNECTICUT *v.* WILLIAM C.*
### (AC 33379)

DiPentima, C. J., and Gruendel and Robinson, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued March 15—officially released May 15, 2012

*William C.*, pro se, the appellant (defendant).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Cynthia Serafini*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, William C., appeals from the judgment of the trial court dismissing his writ of error coram nobis. On appeal, the defendant claims that the court (1) improperly granted the state's motion to dismiss his writ of error coram nobis and (2) erred in refusing to appoint counsel for him during the coram nobis proceeding and this appeal. We disagree and accordingly affirm the judgment of the trial court.

The record discloses the following relevant facts and procedural history. On February 24, 2005, following a jury trial, the defendant was convicted of sexual assault in a spousal relationship in violation of General Statutes § 53a-70b (b), unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), breach of the peace in the second degree in violation of General Statutes § 53a-181, threatening in the second degree in violation of General Statutes § 53a-62 (a) (1) and larceny in the sixth degree in violation of General Statutes § 53a-125b (a). This court affirmed the judgments of conviction on direct appeal. *State* v. *William C.*, 103 Conn.

App. 508, 511, 930 A.2d 753, cert. denied, 284 Conn. 928, 934 A.2d 244 (2007). Thereafter, the defendant filed a petition for a writ of habeas corpus alleging ineffective assistance of trial counsel. The trial court denied his habeas petition and his petition for certification to appeal therefrom. His subsequent appeal was dismissed by this court. *William C.* v. *Commissioner of Correction*, 126 Conn. App. 185, 186, 10 A.3d 115, cert. denied, 300 Conn. 922, 14 A.3d 1007 (2011).

On December 17, 2010, the self-represented defendant filed a writ of error coram nobis again challenging his criminal convictions, wherein he asserted as grounds for relief that (1) there is new evidence which proves his innocence, (2) he was the victim of malicious prosecution and (3) he was provided ineffective assistance of counsel. On December 30, 2010, the state filed a motion to dismiss the defendant's writ of error coram nobis. On January 6, 2011, the court ruled as follows: "State's motion to dismiss is granted. . . . A writ of coram nobis authorizes the trial court to vacate a judgment within three years of judgment. Three years has long passed. Judgment was entered in 2005. This court has no jurisdiction to hear this matter."

On appeal, the defendant claims that the court's judgment was improper because a coram nobis proceeding can be initiated at any time, even, as is the case here, more than five years from the judgments in his criminal cases. Contrary to the defendant's position, our Supreme Court expressly has indicated that a writ of error coram nobis can only vacate a judgment if brought within three years of the date of judgment. *State* v. *Das*, 291 Conn. 356, 370, 968 A.2d 367 (2009) ("[a] writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, *within three years*, to vacate the judgment of the same court" [emphasis added]); see also *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002); *State* v. *Grisgraber*, 183 Conn. 383,

385, 439 A.2d 377 (1981); *Jeffery* v. *Fitch*, 46 Conn. 601, 604 (1879). Because the defendant's writ of error coram nobis was untimely, we conclude that the court properly granted the motion to dismiss filed by the state.[1]

The defendant also claims on appeal that the court erred in refusing to appoint counsel for him during the coram nobis proceeding and this appeal. This claim must also fail. There is no right to the appointment of counsel in a collateral civil proceeding of this nature. See *Small* v. *State*, 101 Conn. App. 213, 217, 920 A.2d 1024 (2007) ("the petitioner is neither statutorily nor constitutionally entitled to court-appointed counsel"), appeal dismissed, 290 Conn. 128, 962 A.2d 80, cert. denied, 558 U.S. 842, 130 S. Ct. 102, 175 L. Ed. 2d 68 (2009); see also *Kennedy* v. *Putman*, 97 Conn. App. 815, 816 n.3, 905 A.2d 1280 (2006) ("[t]he general rule is that court-appointed counsel is not available in civil proceedings"), citing *Statewide Grievance Committee* v. *Friedland*, 222 Conn. 131, 144–45, 609 A.2d 645 (1992). Although the legislature has created exceptions to the general rule that court-appointed counsel is not available in civil proceedings by providing for the

---

[1] The defendant cites authority outside this jurisdiction in support of his position that a coram nobis proceeding can be initiated at any time. It is axiomatic that the Appellate Court is "bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Citation omitted; internal quotation marks omitted.) *State* v. *Smith*, 107 Conn. App. 666, 684–85, 946 A.2d 319, cert. denied, 288 Conn. 902, 952 A.2d 811 (2008); see also, e.g., *State* v. *Brown*, 73 Conn. App. 751, 756, 809 A.2d 546 (2002) ("Our Supreme Court is the ultimate arbiter of the law in this state. We, as an intermediate appellate court, cannot reconsider the decisions of our highest court."); *State* v. *Rodriguez*, 63 Conn. App. 529, 532, 777 A.2d 704 ("we, as an intermediate appellate court, do not reevaluate Supreme Court decisions and are bound by those decisions"), cert. denied, 256 Conn. 936, 776 A.2d 1151 (2001); *State* v. *Fuller*, 56 Conn. App. 592, 609, 744 A.2d 931 ("[i]t is not within our function as an intermediate appellate court to overrule Supreme Court authority"), cert. denied, 252 Conn. 949, 748 A.2d 298, cert. denied, 531 U.S. 911, 121 S. Ct. 262, 148 L. Ed. 2d 190 (2000).

appointment of counsel to represent indigent parties in certain civil actions, a collateral proceeding of the type at issue here is not an exception recognized by statute. See *Small* v. *State,* supra, 217–18.[2]

The judgment is affirmed.

[2] "Among those who have a statutory right to counsel in civil cases are petitioners in habeas corpus proceedings arising from criminal matters, General Statutes § 51-296 (a); litigants in termination of parental rights cases, General Statutes § 45a-717 (b), and proceedings on behalf of neglected, uncared for or dependent children or youths, General Statutes § 46b-135 (b); and persons who might be involuntarily confined due to mental condition or for purposes of quarantine, e.g., General Statutes §§ 17a-498 and 19a-221." *Small* v. *State,* supra, 101 Conn. App. 218.

