## GILBERTO LOPEZ *v.* COMMISSIONER
## OF CORRECTION
## (AC 33530)

Gruendel, Beach and Borden, Js.

Argued February 20—officially released April 16, 2013

*Elizabeth Knight Adams*, special public defender, for the appellant (petitioner).

*Linda Currie-Zeffiro*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Gerard P. Eisenman*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Gilberto Lopez, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. He claims that the court improperly concluded that he had not established that his trial counsel rendered ineffective assistance. We affirm the judgment of the habeas court.

This case arises from the petitioner's encounter with a minor child in 2003. As recounted by our Supreme Court in the petitioner's direct appeal, "[o]n or about June 3, 2003, the victim, an eight year old girl, rode around the block for about ten minutes in the [petitioner's] car, starting in front of her home. No one other than the [petitioner] and the victim was present in the car at the time. After she entered the car on the front passenger side, she moved closer to where the [petitioner] was sitting because she wanted to drive. She then positioned herself so that she was standing in front of the [petitioner] with her hands on the wheel while the [petitioner] was sitting on the driver's seat operating the pedals. She was wearing blue shorts, a blue shirt and underwear at the time. While she was standing in front of the [petitioner], the victim felt the [petitioner's] 'private' touch her 'behind.' She also recalled that the [petitioner] put his 'private' inside her underwear while she was standing and that, when she sat down, she felt it 'in the same place [as] before.' She did not, however, see the [petitioner's] 'private,' he did not touch any other part of her body, and his 'private' did not move while it was touching her. When she returned from the ride, she and the [petitioner] said goodbye, and she

exited the car on the front passenger side. Upon leaving the car, she saw that the zipper on the [petitioner's] pants was down.

"After the [petitioner] dropped the victim off at her house, she went upstairs to the bathroom, put her clothes in the hamper, which contained other dirty clothes, and took a shower. She noticed at the time that her shorts felt wet. Although her mother and a friend were inside the house when she returned, the victim did not tell them what had happened because she thought that her mother would yell at her for going on the ride. When her mother asked her if anything had happened, she said 'no.' The victim wanted to tell her mother about what had happened and felt bad that she had not done so. She became quiet after the incident, which was not in her nature. A few days later, however, she told her mother, her older brother and his girlfriend about the incident, and the family informed the police.

"Following an investigation, the [petitioner] was arrested and charged with attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-70 and 53a-49, one count of risk of injury to a child in violation of § 53-21 (a) (2), and a second count of risk of injury to a child in violation of § 53-21 (a) (1). The [petitioner] pleaded not guilty and elected to be tried by a jury. . . . On August 15, 2005, the jury found the [petitioner] not guilty of attempt to commit sexual assault in the first degree but guilty of two counts of risk of injury to a child." *State* v. *Gilberto L.*, 292 Conn. 226, 230–32, 972 A.2d 205 (2009).

In October, 2005, the petitioner, through his trial counsel, Mario DeMarco, filed a petition for a new trial pursuant to General Statutes § 52-270 and Practice Book § 42-55. That petition was predicated on the victim's recantation of her allegations following the conclusion of trial. The petitioner also filed a motion for

a judgment of acquittal. The trial court conducted a hearing on those motions over the course of two days.

The petitioner appeared for sentencing on January 19, 2006. At the outset of that proceeding, the court expressly denied the aforementioned motions. With respect to the petition for a new trial, the court stated that "[a] motion for a new trial concerns itself with error that must have occurred during the trial. The hearing is to determine whether the court in the course of the trial committed error thus depriving the [petitioner] of a fair trial. It thus is limited to trial error appearing on the record. This is not the claim of the [petitioner]. The [petitioner] offers newly discovered evidence that he says entitles him to a new trial. Newly discovered evidence is properly presented in a petition for a new trial . . . . However, a petition for a new trial is treated as a civil case. Beyond that a petition for a new trial cannot be heard until after sentencing in the criminal trial which has not yet taken place in this case." The court then denied the motion for a judgment of acquittal and sentenced the petitioner to a total effective sentence of twelve years incarceration, execution suspended after eight years, and ten years probation. The petitioner thereafter unsuccessfully appealed his judgment of conviction directly before our Supreme Court. *State* v. *Gilberto L.*, supra, 292 Conn. 226.

This habeas action followed. The petitioner's January 26, 2011 amended petition for a writ of habeas corpus contained three counts. Count one alleged ineffective assistance of trial counsel, count two alleged ineffective assistance of appellate counsel and count three alleged actual innocence.[1] Following a trial, the habeas court denied the petition. The court subsequently granted

[1] The petitioner withdrew his ineffective assistance of appellate counsel claim at the habeas trial.

certification to appeal from that judgment, and this appeal followed.

On appeal, the petitioner challenges only the propriety of the court's determination that DeMarco did not render ineffective assistance of counsel. Specifically, he argues that DeMarco's failure to pursue a renewed petition for a new trial following sentencing or to advise him of his rights with respect thereto constituted deficient performance.[2] We disagree.

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . In *Strickland* v. *Washington*, [466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel during criminal proceedings: the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness . . . and (2) that defense counsel's deficient performance prejudiced the defense. . . . The first part requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. . . . In determining whether such a showing has been made, judicial scrutiny of counsel's performance must be highly deferential. . . . The reviewing court must judge the reasonableness of counsel's challenged conduct on the facts

---

[2] Although the petitioner also alleges that DeMarco "violated rule 1.3 [of the Rules of Professional Conduct] when he incorrectly filed a petition for [a] new trial, but failed to correct that endeavor," he did not raise that claim in his amended petition or during the habeas proceeding. "We do not entertain claims not raised before the habeas court but raised for the first time on appeal." *Bertotti* v. *Commissioner of Correction*, 136 Conn. App. 398, 404, 44 A.3d 892, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012). Accordingly, we confine our review to the question of whether DeMarco rendered ineffective assistance of counsel.

of the particular case, viewed as of the time of counsel's conduct. . . . The second part requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Calabrese* v. *Commissioner of Correction*, 88 Conn. App. 144, 150–51, 868 A.2d 787, cert. denied, 273 Conn. 936, 875 A.2d 543 (2005).

"A petition for a new trial is collateral to the action in which a new trial is sought. . . . In an action on a petition for [a] new trial, a petitioner is not a criminal defendant but, rather, is a *civil* petitioner. . . . A proceeding on a petition for [a] new trial, therefore, is not a criminal action. Rather, it is a distinct proceeding that is commenced by the service of civil process and is prosecuted as a civil action." (Citations omitted; emphasis in original.) *Small* v. *State*, 101 Conn. App. 213, 217, 920 A.2d 1024 (2007), appeal dismissed, 290 Conn. 128, 962 A.2d 80, cert. denied, 558 U.S. 842, 130 S. Ct. 102, 175 L. Ed. 2d 68 (2009). This court has held that a petitioner is neither constitutionally nor statutorily entitled to court-appointed counsel in a proceeding on a petition for a new trial. Id., 218–19; see also *Kennedy* v. *Putman*, 97 Conn. App. 815, 816 n.3, 905 A.2d 1280 (2006) ("[t]he general rule is that court-appointed counsel is not available in civil proceedings"). The petitioner has presented this court with no authority indicating that the constitutional requirement of effective assistance of counsel required DeMarco to continue his representation after the conclusion of the criminal trial by commencing such a civil proceeding on his behalf. He nevertheless asserts that, on the unique facts of this case—in which DeMarco had filed a premature petition for a new trial prior to his sentencing—DeMarco was

required, at a minimum, to advise him of his rights with respect thereto.

Even if we assume the correctness of that proposition, the petitioner has not satisfied his burden in demonstrating that DeMarco's performance was deficient. The record is devoid of any evidence as to whether DeMarco discussed commencing a petition for a new trial proceeding with the petitioner and what, if any, advice he provided. Although the petitioner testified at the habeas trial, he offered no testimony as to whether DeMarco discussed the possibility of pursuing such a civil proceeding or the substance of such discussions. In addition, the petitioner did not call DeMarco as a witness at his habeas trial, rendering the record silent as to whether DeMarco and the petitioner discussed (1) filing a renewed petition for a new trial, (2) the petitioner's rights with respect thereto and (3) the advisability of such a proceeding. As a result, this court can only speculate as to whether DeMarco failed to "follow through" on the prospect of filing a petition for a new trial or to "specifically instruct the petitioner of his rights," as the petitioner alleges in his appellate brief. It is well established that a petitioner in a habeas proceeding "cannot rely on mere conjecture or speculation to satisfy either the performance or prejudice prong but must instead offer demonstrable evidence in support of his claim." (Internal quotation marks omitted.) *Cox* v. *Commissioner of Correction*, 127 Conn. App. 309, 314, 14 A.3d 421, cert. denied, 301 Conn. 902, 17 A.3d 1043 (2011); see also *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 599, 940 A.2d 789 (2008) (petitioner's burden not met by speculation but by demonstrable realities); *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005) ("[s]peculation and conjecture have no place in appellate review").

In its memorandum of decision, the habeas court noted the dearth of evidence on this issue, specifically

finding that "the parties have failed to introduce . . . any evidence of what became of the petition for a new trial . . . . [T]he petitioner's testimony failed to address what advice he received from DeMarco regarding a petition for a new trial. Neither side called DeMarco as a witness. Accordingly, the petitioner's claim must fail for lack of proof." We agree, and thus conclude that the court properly denied the amended petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.