# DAVID J. BARLOW ET AL. *v.* EUGENE C. PALMER ET AL.
## (AC 26139)

McLachlan, Harper and Foti, Js.

Argued October 20, 2005—officially released June 13, 2006

*Francis A. Teodosio,* for the appellants (plaintiffs).

*Robert J. Cathcart,* for the appellees (defendant John M. Maiorino, Jr., et al.).

*Henry C. Winiarski, Jr.,* for the appellees (defendant Karen A. Lyons et al.).

*Opinion*

McLACHLAN, J. The plaintiffs[1] brought this action in two counts, claiming that they acquired title to a certain parcel known as the "Reserved for Road" parcel (parcel) by reason of adverse possession and that the defendants[2] had abandoned any right, title and interest to the parcel. The plaintiffs sought a judgment determining the rights of the parties in and to the parcel. On appeal, the plaintiffs claim that the trial court improperly rendered summary judgment in favor of the defendants John M. Maiorino, Jr., and his wife, Lanette M. Maiorino, as to the adverse possession count of the complaint. We affirm the judgment of the trial court.

The plaintiffs are the owners of lots 37 and 38 as shown on a certain map entitled "Building Lots Owned by Eugene C. Palmer Oxford, Conn.," dated July 23, 1946. The two lots are located on the westerly side of Stephenson Dam Road (Route 34) in Oxford and front on the Housatonic River. The parcel in dispute is located between the plaintiffs' two lots and is bounded by Stephenson Dam Road, the Housatonic River and the respective lots of the parties. The defendants, owners of other lots shown on the map, have or claim an interest in the parcel by reason of certain deeds, including mortgage deeds. Many of the defendants were defaulted, and several filed appearances and responsive pleadings.

---

[1] The plaintiffs are David J. Barlow, Richard E. Barlow, Edwin W. Barlow and Florence F. Sysak.

[2] The complaint was brought against twenty-four defendants, including John M. Maiorino, Jr., and his wife, Lanette M. Maiorino.

The Maiorinos filed a motion for summary judgment on the first count of the complaint, claiming that the plaintiffs cannot satisfy the exclusivity requirement to prove adverse possession, and on the second count, claiming that the plaintiffs predicated abandonment solely on nonuse by the Maiorinos, which they claim is insufficient by itself to establish abandonment as a matter of law.

The court, *Moran, J.*, rendered summary judgment as to the first count on the grounds that the plaintiffs, who submitted only the uncertified transcripts of the depositions of Edwin W. Barlow, Florence F. Sysak and Diane Dyson, a tenant on the Barlow parcel, failed to offer an affidavit or any other evidence that would put the material fact of Lanette Maiorino's denial of the plaintiffs' exclusive use into dispute, and because the shared use alleged by the plaintiffs defeats their claim of exclusivity. The court denied summary judgment as to the abandonment count. At the trial on the issue of abandonment, the court, *Hon. Hugh C. Curran*, judge trial referee, found that the plaintiffs had not proved their claim of abandonment.

On appeal, the plaintiffs first challenge the trial court's granting of the motion for summary judgment in favor of the Maiorinos as to count one of the complaint.[3]

The rule for granting motions for summary judgment is set forth in Practice Book § 17-49. Summary judgment is to be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Practice Book § 17-46 provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible

---

[3] The plaintiffs have not appealed from the court's rulings with respect to abandonment.

in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto."

Our review of the court's decision to grant a summary judgment motion is plenary. *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003). Whether the court properly excluded the deposition transcripts is an evidentiary ruling that we review under the abuse of discretion standard. *Cote* v. *Machabee*, 87 Conn. App. 627, 630, 866 A.2d 639 (2005).

We first address the issue of whether the court properly granted the motion for summary judgment on the ground that the opposing party submitted an uncertified transcript of the deposition in opposition to the motion. If the court properly granted the motion on that basis, whether the court was correct as to the ruling on the issue of exclusivity as a matter of law is immaterial.

Here, refusing to consider the deposition testimony, the court found that the "plaintiffs have failed to offer an affidavit, or any other evidence, that would tend to put [the] material fact in dispute" and, therefore, the plaintiffs failed to create a triable issue as to whether the use that Lanette Maiorino claimed in her affidavit defeats the plaintiffs' claims of exclusive use.

Thus, that issue turns on whether the uncertified transcripts could be and should be disregarded by the court.[4] "Supporting and opposing affidavits shall be

---

[4] We note that the trial courts are divided on the issue of whether an uncertified copy of a deposition may be used in support of or in opposition to summary judgment. *LaSalle National Bank* v. *Freshfield Meadows, LLC*, 69 Conn. App. 824, 831, 798 A.2d 445 (2002). See, e.g., *Ennis* v. *Dixon*, Superior Court, judicial district of Hartford, Docket No. 502559 (January 20, 2006), and cases cited therein. Here, the deposition transcript was submitted to the court without objection. The sole issue decided here is whether the court abused its discretion in not considering the uncertified deposition testimony.

made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence . . . . Sworn or certified copies of all papers . . . shall be attached [to the affidavit]." Practice Book § 17-46. A party opposing a motion for summary judgment must provide an *evidentiary foundation* to demonstrate the existence of a genuine issue of material fact. *Gould, Larson, Bennet, Wells & McDonnell, P.C.* v. *Panico*, 273 Conn. 315, 321, 869 A.2d 653 (2005); *United Services Automobile Assn.* v. *Marburg*, 46 Conn. App. 99, 107–108, 698 A.2d 914 (1997). In interpreting the rules liberally,[5] the deposition testimony could have been admitted at trial without objection to create an evidentiary foundation for the determination that a genuine issue of material fact exists, particularly where, as here, both parties submitted uncertified deposition transcripts. Therefore, a court properly could consider such a submission without objection.[6] Nevertheless, we are reluctant to find that the trial court incorrectly insisted on certified transcripts to support an evidentiary finding when the rule provides that such documentation shall be supplied.

Accordingly, the court did not improperly fail to consider the plaintiffs' opposition to the Maiorinos' motion. Thus, the plaintiffs cannot prevail on their claim that the court improperly granted the motion for summary judgment filed by the Maiorinos.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Practice Book § 1-8 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

[6] Such a result would appear to be consistent with the purpose of Practice Book § 17-47, which provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."