CHARLES D. GIANETTI *v.* ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT
(AC 29132)

Flynn, C. J., and DiPentima and Beach, Js.

Argued September 5—officially released October 28, 2008

*Charles D. Gianelli*, pro se, the appellant (plaintiff).

*Michael G. Durham*, with whom, on the brief, was *Matthew H. Geelan*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Charles D. Gianetti, appeals from the judgment of the trial court rendered following the granting of a motion for summary judgment in favor of the defendant, Anthem Blue Cross and Blue Shield

of Connecticut. The plaintiff (1) claims that the court improperly concluded that the evidence he submitted in opposition to the defendant's motion for summary judgment was inadmissible and insufficient to defeat that motion and (2) makes several arguments attacking the validity of the documents the defendant submitted in support of its motion for summary judgment. We affirm the judgment of the trial court.

The following facts and procedural history are uncontroverted. On August 16, 1994, the plaintiff, a physician, performed reconstructive plastic surgery on his patient, Gay Ann Fay. Following the surgery, the plaintiff sent a statement of charges in the amount of $4270 to M.D. Health Plan, which provided Fay's primary insurance coverage. The plaintiff was a participating medical provider under the M.D. Health Plan policy. The plaintiff accepted payment for his services according to the rates agreed upon with M.D. Health Plan. A balance of $2826.17, the difference between the claimed charge and the amount paid by M.D. Health Plan, remained unpaid. Fay's contract with M.D. Health Plan prohibited the plaintiff from collecting from Fay any unpaid "balance" not covered under the policy.

Fay was insured secondarily under a policy issued by the defendant through her husband's employer, Southern New England Telephone Company (telephone company). Because the primary policy did not provide coverage for the "balance" of the bill, the plaintiff submitted a claim for the remaining balance to the defendant. The alleged contractual obligation owed to the plaintiff by the defendant, if any, was created by Fay's assignment of benefits to the plaintiff.[1] The defendant

---

[1] The defendant notes in its brief that it does not concede that the plaintiff had a valid and enforceable assignments of benefits from Fay. The defendant argues, however, that the issue of assignment of benefits is not material to its motion for summary judgment because, even assuming there was a valid assignment, it fulfilled its contractual obligations relating to Fay's secondary coverage. We agree that the issue of assignment of benefits is not material

provided administrative services for the telephone company benefit plan pursuant to an administrative services only agreement between the defendant and the telephone company. The plaintiff was not a participating provider under the telephone company policy, and the defendant had no direct contractual obligation to the plaintiff. The defendant, therefore, initially denied the claim in its entirety. The claim, which included a $5 patient balance, was submitted a second time, and the defendant ultimately issued a check for the $5 copayment, the amount representing Fay's personal liability to the plaintiff.

In April, 2006, the plaintiff, representing himself, filed a single count amended complaint against the defendant. He alleged that he had a contractual relationship with the defendant that was created by Fay's assignment to him of her benefits pursuant to a contract between her and the defendant. The plaintiff alleged that the defendant breached this contract when it failed to pay him in full for the "balance" of Fay's bill for surgery. In June, 2007, the defendant filed a motion for summary judgment on the ground that there was no genuine issue of material fact as to whether it was obligated to pay the remaining unpaid portion of the plaintiff's bill. Following a hearing, the court granted the defendant's motion for summary judgment. This appeal followed.

We first set forth our standard of review. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must

to the motion for summary judgment and assume, for purposes of this appeal, that there was a valid assignment of benefits from Fay to the plaintiff.

view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 745, 756–57, 905 A.2d 623 (2006).

I

The plaintiff first claims that the court improperly granted the defendant's motion for summary judgment by concluding, in part, that the evidence he submitted in opposition to the motion for summary judgment ought not to have been considered because it was not authenticated properly. We disagree.

"Practice Book § 17-45 provides in relevant part that [a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . . That section does not mandate that those documents be attached in all cases, but we note that [o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. . . . Practice Book § [17-45], although containing the phrase *including but not limited to*, contemplates that supporting documents to a motion for summary judgment be made under oath or be otherwise reliable. . . . [The] rules would be meaningless if they

could be circumvented by filing [unauthenticated documents] in support of or in opposition to summary judgment. . . .

"Therefore, before a document may be considered by the court [in connection with] a motion for summary judgment, there must be a preliminary showing of [the document's] genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be. The requirement of authentication applies to all types of evidence, including writings . . . . Conn. Code Evid. § 9-1 (a), commentary. Documents in support of or in opposition to a motion for summary judgment may be authenticated in a variety of ways, including, but not limited to, a certified copy of a document or the addition of an affidavit by a person with personal knowledge that the offered evidence is a true and accurate representation of what its proponent claims it to be." (Citations omitted; emphasis added; internal quotation marks omitted.) *New Haven* v. *Pantani,* 89 Conn. App. 675, 678–79, 874 A.2d 849 (2005).

In this case, the plaintiff submitted numerous exhibits in opposition to the defendant's motion for summary judgment. The plaintiff failed, however, to attach an affidavit attesting to the truth and accuracy of the various submissions, to provide certified copies of any of the documents or to authenticate the documents submitted in any other acceptable way.[2] Thus, the court did not act improperly in refusing to consider the evidence submitted by the plaintiff in opposition to the defendant's motion for summary judgment.

On the basis of the materials that were authenticated, particularly the pertinent portions of the telephone

---

[2] Although we are solicitous of the fact that the plaintiff is a litigant representing himself, the "rules of practice cannot be ignored completely." (Internal quotation marks omitted.) *Bennings* v. *Dept. of Correction,* 59 Conn. App. 83, 84, 756 A.2d 289 (2000).

company policy and an affidavit of Rita Marcinkus, manager of consumer relations for the defendant, authenticating that policy, there is no genuine issue of material fact as to whether the defendant breached its contractual obligations to the plaintiff by paying only the amount of Fay's copayment, which amounted to $5, instead of the "balance" owed, which was $2826.17. Although the payment made by M.D. Health Plan did not reimburse the plaintiff in full for his bill of $4270, Fay was not responsible for paying the balance of the bill. Fay chose the plaintiff, a participating medical provider under the M.D. Health Plan policy, to perform medical services for her. The terms of the M.D. Health Plan policy prohibit participating M.D. Health Plan providers from balance billing.[3] Fay had no legal obligation to pay the balance of the bill from her surgery, pursuant to the balance billing prohibition in the M.D. Health Plan policy. The plaintiff, as Fay's assignee, was not entitled to receive such a payment from the defendant.

Pursuant to the terms of the telephone company policy, coverage was not extended to any charges that its insured, Fay, had "no legal obligation to pay." Fay was bound to pay only the $5 copayment. The plaintiff, as an assignee of his patient's rights, stood in the shoes of Fay. See *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 228, 828 A.2d 64 (2003) ("[t]he assignee . . . stands in the shoes of the assignor" [internal quotation marks omitted]). Fay could not assign any benefits to which she was not entitled, and, thus, the plaintiff was not entitled to recover any more than the amount of Fay's outstanding copayment, which the defendant paid.

---

[3] The M.D. Health Plan policy provides in pertinent part: "Providers may not bill or collect from a member any amount or charges for Plan Benefits except for allowable co-payments and deductibles."

## II

The plaintiff next makes several arguments attacking the validity of the documents submitted by the defendant in support of its motion for summary judgment.

### A

The plaintiff first argues that there was a genuine issue of material fact as to whether the telephone company policy, submitted by the defendant with its motion for summary judgment, was effective on August 16, 1994, when Fay's surgery was performed. We disagree.

Marcinkus attested in her affidavit that the telephone company policy was effective August 16, 1994. In his opposition to the defendant's motion for summary judgment, the plaintiff does not offer any authenticated evidence showing a dispute of fact with respect to the effective date of the telephone company policy. "It is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit. . . . Further, [i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (Citations omitted; internal quotation marks omitted.) *Wadia Enterprises, Inc.* v. *Hirschfeld*, 27 Conn. App. 162, 168–69, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992).

### B

The plaintiff next argues that that there is a genuine issue of material fact regarding the validity of the telephone company policy submitted by the defendant with its motion for summary judgment. We disagree.

The plaintiff asserts that the defendant "appears to have just taken a couple of pages from one document . . . put them together with a couple of other pages from another document . . . and called them excerpts from a policy . . . ." (Citations omitted.) With its motion for summary judgment, the defendant submitted the affidavit of Marcinkus authenticating the telephone company policy excerpts. The court did not abuse its discretion in considering the telephone company policy. See *Barlow* v. *Palmer*, 96 Conn. App. 88, 91, 898 A.2d 835 (2006) (whether court properly considered evidence in ruling on motion for summary judgment reviewed under abuse of discretion standard).

## C

Last, the plaintiff argues that the defendant's response to a request for production created a genuine issue of fact regarding the validity of the telephone company policy. The plaintiff refers to the defendant's response to his request for "[a]ny and all contract(s) between [the defendant] and [Fay] in effect at the time of the services rendered by the plaintiff." Notwithstanding its objection, the defendant responded that the question was not applicable. The plaintiff seems to argue that this response somehow contradicts the affidavit of Marcinkus authenticating the telephone company policy, thus creating an issue of fact as to whether the telephone company policy was the operative policy or whether, instead, a contract between the defendant and Fay existed and was operative. We disagree.

The defendant's response that the question was not applicable does not create an issue of fact as to the validity of the telephone company policy. This response, rather, is consistent with the undisputed facts. The facts do not indicate that Fay was covered under an individual policy issued to her by the defendant but, rather, demonstrate that M.D. Health Plan was Fay's primary

health insurer and that the telephone company secondarily covered her under a group benefit plan administered by the defendant for her husband's employer, the telephone company.

On the basis of the foregoing analysis, we conclude that the court properly concluded that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.