CHARLES D. GIANETTI *v.* HEALTH NET OF
CONNECTICUT, INC., ET AL.
(AC 30206)

DiPentima, Alvord and Dupont, Js.

Argued June 1—officially released August 11, 2009

*Charles D. Gianetti*, pro se, the appellant (plaintiff).

*Linda L. Morkan*, with whom, on the brief, was *Theodore J. Tucci*, for the appellee (named defendant).

*Opinion*

ALVORD, J. The plaintiff, Charles D. Gianetti, appeals pro se following the trial court's rendering of summary judgment in favor of the defendant Health Net of Connecticut, Inc.[1] The plaintiff claims that the court improperly failed to conclude that there was a genuine issue of material fact with respect to the authenticity of documents submitted by the defendant in support of its motion for summary judgment. We affirm the judgment of the trial court.

The relevant facts and procedural history follow. The plaintiff, a physician, provided medical services to the minor daughter of David Quiles and Francine Quiles on December 28, 1999, and January 4, 2000.[2] At that time, Physicians Health Services of Connecticut, Inc., the defendant's corporate predecessor,[3] had a contract with David Quiles' employer to provide group health benefits to employees and their eligible dependents. The plaintiff had been a participating provider with the defendant from 1977 to 1998. Under his participating physician's agreement, he would bill the defendant

---

[1] David Quiles and Francine Quiles were also named as defendants but are not parties to this appeal. Therefore, we refer in this opinion to Health Net of Connecticut, Inc., as the defendant.

[2] The amount claimed for the services rendered was $3110.

[3] In this opinion we refer to both Physicians Health Services of Connecticut, Inc., and Health Net of Connecticut, Inc., as the defendant.

directly for services provided to the defendant's subscribers and, upon submission of necessary documentation, would be reimbursed directly for those services. Effective October 8, 1998, the plaintiff resigned from his membership as a participating provider and became a nonparticipating provider. Payments for services rendered by nonparticipating providers generally were made by the defendant to the subscribers under the policy, and it was then the responsibility of the subscribers to pay the nonparticipating providers.

The defendant's records indicated that the first contact regarding the Quileses' claim was made by the plaintiff's office manager on December 1, 2000. The defendant received a second telephone call from the plaintiff himself on January 17, 2001. On March 12, 2001, the defendant received a health insurance claim form from the plaintiff, along with a purported assignment of benefits from Francine Quiles to the plaintiff. The claim ultimately was denied on the ground that it had not been timely filed. On July 28, 2005, the plaintiff filed the present action against the defendant, alleging breach of contract and unjust enrichment, and against David Quiles and Francine Quiles, alleging breach of contract and quantum meruit. The defendant filed an answer, several special defenses and a four count counterclaim.

The defendant filed a motion for summary judgment on February 21, 2006, claiming that (1) the assignment of benefits was invalid, (2) the action was barred because the plaintiff failed to comply with the conditions precedent to payment of an insurance claim under the policy and (3) the claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. The plaintiff filed an objection. The court heard argument and issued its decision on August 3, 2006, granting the defendant's motion on the

ground that the plaintiff failed to comply with conditions precedent of the policy.[4] This appeal followed.[5]

On appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendant because a genuine issue of material fact existed with respect to the authenticity of the health care policy submitted by the defendant in support of its motion for summary judgment. Specifically, the plaintiff challenges exhibits B and C, which were attached to the affidavit of Victoria E. Choma, an employee of the defendant's parent company. Choma identified exhibit B as the complete certificate of coverage for the group health plan covering David Quiles and his dependents, and exhibit C as the relevant "out of network" provisions of that certificate of coverage, pertaining to services rendered by nonparticipating providers, extracted from the complete certificate to facilitate review by the court. They were represented to be the terms and conditions in place at the time the plaintiff provided medical services to the minor daughter of David Quiles and Francine Quiles. In his brief on appeal, the plaintiff argues that the defendant's submission is "a mishmash of parts of different contracts" as evidenced by the revision dates noted at the bottom of each page, some of which were after the date of the plaintiff's services.

[1] The defendant sought summary judgment on all four counts of the plaintiff's complaint. Counts one and three were directed against the defendant, and counts two and four were directed against David Quiles and Francine Quiles. The court granted summary judgment on counts one and three only. The plaintiff has not challenged the court's judgment with respect to count three, which alleged unjust enrichment.

[5] After the court granted the defendant's motion for summary judgment, the plaintiff timely filed a notice of his intent to appeal. See Practice Book § 61-5. The defendant withdrew its counterclaim against the plaintiff on September 19, 2006. The plaintiff subsequently filed a motion for judgment as against the nonappearing defendants, David Quiles and Francine Quiles, which was granted by the court on July 21, 2008. They did not appeal from that judgment. The plaintiff then filed the present appeal on August 11, 2008.

"The law governing summary judgment and the accompanying standard of review are well settled. Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . .

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent." (Citations omitted; internal quotation marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 227–28, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

"The party opposing a motion for summary judgment must present evidence that demonstrates the existence of some disputed factual issue . . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. . . . The opposing

party to a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). Our review of the trial court's decision to grant a motion for summary judgment is plenary. *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 27, 930 A.2d 682 (2007).

In the present case, the court determined that no genuine issue of material fact existed as to whether the plaintiff complied with the policy's conditions precedent to payment of a claim. In reaching the conclusion that the plaintiff failed to comply, the court expressly stated that it was relying on certain documents provided by the defendant, which included the governing policy, the certificate of coverage and the affidavits of three of the defendant's employees. The court noted that the contract and extracted clauses had been authenticated through Choma's affidavit.

The referenced documents established that any right for payment of a claim was conditioned on the claimant's sending written notice to the defendant of the injury or sickness for which the claim was being made within twenty days of the date of that injury or sickness. Further, written proof of the loss, i.e., documentation of the treatment, was required to be provided to the defendant within ninety days of the date of service. Invoices for services rendered were required to be provided by the claimant and received by the defendant within six months of the date of service. All of those conditions needed to be fulfilled for the defendant to be liable for payment of a claim.

The plaintiff, as a nonparticipating provider, claimed entitlement to payment by virtue of an assignment of benefits to him by Francine Quiles.[6] Even if we assume arguendo that the assignment of benefits was valid, the plaintiff cannot prevail. "[A]n assignee stands in the shoes of the assignor. . . . An assignee has no greater rights or immunities than the assignor would have had if there had been no assignment." (Citations omitted; internal quotation marks omitted.) *Shoreline Communications, Inc.* v. *Norwich Taxi, LLC*, 70 Conn. App. 60, 72, 797 A.2d 1165 (2002). One of the defendant's affiants, Mary E. Vitka, attested that no calls or inquiries were received from David Quiles or Francine Quiles about their daughter's treatment by the plaintiff and that the plaintiff's office manager first contacted the defendant on the status of the Quileses' claim on December 1, 2000. Vitka further attested that the insurance claim form submitted by the plaintiff was received by the defendant on March 12, 2001.

The plaintiff does not dispute those dates or claim that the defendant had been notified by the Quileses prior to the plaintiff's inquiries or the filing of the claim form. Instead, he argues that the court cannot consider those provisions because the contract and its provisions were not properly authenticated. "[B]efore a document may be considered by the court [in connection with] a motion for summary judgment, there must be a preliminary showing of [the document's] genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be. The requirement of authentication applies to all types of evidence, including writings

---

[6] The defendant challenged the validity of that assignment on the grounds that it lacked specificity and was made by Francine Guiles, who was neither the subscriber to the policy nor the person treated by the plaintiff. The court did not decide that issue and stated that even if the document was a valid assignment, the plaintiff failed to comply with the notice requirements of the policy.

. . . . Conn. Code Evid. § 9-1 (a), commentary. Documents in support of or in opposition to a motion for summary judgment may be authenticated in a variety of ways, including, but not limited to, a certified copy of a document or the addition of an affidavit by a person with personal knowledge that the offered evidence is a true and accurate representation of what its proponent claims it to be." (Internal quotation marks omitted.) *Gianetti* v. *Anthem Blue Cross & Blue Shield of Connecticut*, 111 Conn. App. 68, 73, 957 A.2d 541 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009).

The court concluded that the contract and extracted provisions had been authenticated through Choma's affidavit. The court acknowledged that exhibit B, the complete certificate of coverage, appeared to contain the 1999 version of the policy as well as an updated 2000 version of the policy.[7] The court also found that the affidavit of Julie E. Lyons, also an employee of the defendant's parent company, confirmed the notice requirements contained in the policy. Lyons' affidavit restated the time requirements for providing notice of a loss, providing documentation of treatment and submitting invoices to the defendant under the group health plan for David Quiles. The time requirements were established independently through that affidavit.

"[A]bsent waiver, an unexcused, unreasonable delay in notification constitutes a failure of condition that entirely discharges an insurance carrier from any further liability on its insurance contract." *Aetna Casualty & Surety Co.* v. *Murphy*, 206 Conn. 409, 412, 538 A.2d 219 (1988). "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . A condition

---

[7] The extracted provisions from the certificate, submitted as exhibit C, all bore dates of 1999, which would have been applicable at the time of treatment in December, 1999, and January, 2000. Those provisions contained the notice and timing requirements at issue.

is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." (Internal quotation marks omitted.) *Blitz* v. *Subklew*, 74 Conn. App. 183, 189, 810 A.2d 841 (2002). In the present case, the policy expressly provided that the defendant's liability to pay invoices for covered services was limited to invoices received within six months of the date of service. It further provided that the right to make a claim was governed by the requirement of providing notice of injury or sickness within twenty days of the date the injury occurred or the sickness started and that written proof of loss had to be furnished to the defendant within ninety days after the date of service. The court properly determined that compliance with the notice requirements was a condition precedent to payment of the claim.

The plaintiff's bald statement that the contract submitted by the defendant was not the operative contract is insufficient to establish the existence of a genuine issue of material fact. He failed to produce any countervailing evidence demonstrating that the notice requirements were different at the time he provided his medical services or that another contract with different provisions was in place at that time. The plaintiff does not offer any authenticated evidence showing a dispute of fact with respect to the applicable conditions precedent.[8] Accordingly, the court did not abuse its discretion in considering the complete certificate of coverage and

---

[8] The court correctly noted that the failure of an insured to provide timely notice of a claim does not preclude coverage if it can be shown that the insurer suffered no material prejudice from the delay. See *Aetna Casualty & Surety Co.* v. *Murphy*, supra, 206 Conn. 418. The burden of establishing lack of prejudice must be borne by the insured. Id., 419. Here, the plaintiff provided no factual basis for a claim that the defendant had not been materially prejudiced by the delay in providing notice and filing the insurance claim.

the extracted "out of network" provisions from that certificate pertaining to services rendered by nonparticipating providers. See *Barlow* v. *Palmer*, 96 Conn. App. 88, 91, 898 A.2d 835 (2006) (whether court properly considered evidence in ruling on motion for summary judgment reviewed under abuse of discretion standard).

Because the plaintiff failed to present any concrete evidence demonstrating the existence of some disputed issue of material fact, the court was not precluded from rendering summary judgment in favor of the defendant. The absence of responsive evidentiary facts or substantial evidence outside of the pleadings to rebut the defendant's allegations in its motion for summary judgment is fatal to the plaintiff's appeal. See *Gianetti* v. *Anthem Blue Cross & Blue Shield of Connecticut*, supra, 111 Conn. App. 75.

The judgment is affirmed.

In this opinion the other judges concurred.