MARSHA B. TAYLOR ET AL. *v.* STEPHEN J. BARBERINO ET AL.
(AC 32847)

Gruendel, Espinosa and Peters, Js.

284

Argued April 10—officially released June 19, 2012

*Stephanie L. Sgambati,* for the appellants (plaintiffs).

*Kerry R. Callahan,* with whom, on the brief, was *David R. Makarewicz,* for the appellee (defendant Seward and Monde).

*Opinion*

PER CURIAM. The plaintiffs, Marsha B. Taylor, formerly known as Marsha B. Petruzelli, and the accounting firm of Draskinis & Reims, P.C., trustee of the Marsha B. Petruzelli Accumulation Trust and the Marsha B. Petruzelli Spray Trust (trusts), appeal from the

summary judgment rendered by the trial court in favor of the defendant Seward and Monde.[1] Although the plaintiffs advance multiple claims, they may be distilled to whether the court improperly concluded that no genuine issue of material fact existed as to whether the defendant was negligent in failing to accurately maintain records and to properly account for the financial activities of the trusts. We affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiffs; see *Martinelli* v. *Fusi*, 290 Conn. 347, 350, 963 A.2d 640 (2009); reveals the following facts. On August 24, 1973, Stephen J. Barberino, Sr., established the trusts, of which his daughter, Taylor, is the principal beneficiary. The defendant is an accounting firm located in North Haven that was engaged by the trusts in the 1970s to provide accounting services, which relationship continued for decades.[2]

The original trustees of the trusts were Florence M. Barberino and Joseph Abbate. In 1985, Mary Ann Hall replaced Abbate as a trustee; she became sole trustee in 2005. In early 2007, Hall was replaced as trustee by Draskinis & Reims, P.C. Shortly thereafter, the plaintiffs commenced the present action. The first count of their complaint alleged that Hall engaged in conduct detrimental to the trusts' pecuniary interest and had refused to turn over historical trust information. In count two, the plaintiffs alleged that Stephen J. Barberino, Jr. (Barberino), usurped control of the trusts in the early 1980s and falsely held himself out as trustee thereof, thereby engaging in conduct that was detrimental to the pecuniary interest of the trusts.[3] In the third and final count of

---

[1] Also named as defendants in the plaintiffs' July 18, 2007 first amended complaint were Stephen J. Barberino, Jr., and Mary Ann Hall. Because they are not parties to this appeal, we refer to Seward and Monde as the defendant in this opinion.

[2] The record does not contain a written agreement between the parties.

[3] Barberino is the brother of Taylor.

the complaint, the plaintiffs argued that the defendant "[f]ail[ed] to accurately maintain records of the operation of the trusts" and "[f]ailed to properly account for the financial activities of the trusts."

On March 22, 2010, the defendant filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Specifically, the defendant averred that the evidence before the court established that it was "not engaged by [the trusts] to maintain trust records or manage or account for [their] financial activities. Rather, [the defendant] prepared trust tax returns based on historical information furnished by the clients. [The defendant] simply cannot be held liable for not doing a job for which it was never engaged." In support of the motion, the defendant submitted (1) the affidavits of Donald Kobs and Gayle Carbone, certified public accountants who worked for the defendant, and (2) portions of Barberino's deposition testimony.

In objecting to the motion, the plaintiffs submitted the sixty-three paragraph affidavit of Edward Draskinis, an accountant with Draskinis & Reims, P.C., and two affidavits of the plaintiffs' attorney, Stephanie L. Sgambati. As the court noted, the plaintiffs also submitted "forty-one exhibits worth of material, totaling 188 pages, yet there is no clear point as to the relevance of these materials, to establish [the] liability of the defendants. Many are unlabeled pages from deposition testimony, while others are financial or court documents that establish only who were the trustees and beneficiaries." The court heard argument on the matter on June 22, 2010. In its October 15, 2010 memorandum of decision, the court concluded that the plaintiffs, "despite the presence of an affidavit filed by a plaintiff and a multitude of other documentary material, have not shown that there is any genuine issue of material fact present . . . ." The court thus rendered summary

judgment in favor of the defendant, and this appeal followed.[4]

"Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact that will make a difference in the result of the case. . . . [T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute. . . . Once met, the burden shifts to the party opposing such a motion [to] provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) *James* v. *Valley-Shore Y.M.C.A., Inc.*, 125 Conn. App. 174, 177–78, 6 A.3d 1199 (2010), cert. denied, 300 Conn. 916, 13 A.3d 1103 (2011). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of [an issue of] material fact and, therefore, cannot refute evidence properly presented to

---

[4] Although the summary judgment rendered by the court pertained only to count three of the plaintiffs' complaint, it is well established that "[a] judgment disposing of only a part of a complaint, counterclaim, or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim, or cross complaint brought by or against a particular party or parties." Practice Book § 61-3; see also *Berger* v. *Fitzgerald*, 55 Conn. App. 138, 140 n.2, 739 A.2d 287, cert. denied, 251 Conn. 922, 742 A.2d 358 (1999). Because the other counts of the complaint do not implicate the defendant, the plaintiffs' appeal is properly before this court.

the court [in support of a motion for summary judgment]. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Cadlerock Joint Venture II, L.P. v. Milazzo*, 287 Conn. 379, 390, 949 A.2d 450 (2008).

In moving for summary judgment, the defendant maintained that it neither maintained the records nor accounted for the financial activities of the trusts. To substantiate that contention, the defendant submitted the affidavits of Kobs and Carbone, who both provided accounting services to the trusts while employed with the defendant. In his affidavit, Kobs averred in relevant part that the defendant "was engaged beginning in the 1970s by the trusts to prepare annual tax returns. . . . [It] was not engaged to maintain trust records or manage or account for the trusts' day-to-day financial activities. . . . [The defendant] has never maintained, nor was it engaged to maintain, trust records or to manage or account for the trusts' financial activities. . . . Throughout the many years that I practiced as an accountant at [the defendant] and during those years that I was involved in providing accounting and tax return preparation services for the trusts, [the defendant] was provided, annually, with historical financial information that [the defendant's] accountants used to prepare the trusts' tax returns. [The defendant] was not engaged to perform, nor did its accountants perform bookkeeping services or the day-to-day maintenance of the trusts' books and records." In her affidavit, Carbone similarly stated that "[the defendant] was not engaged to maintain trust records, keep the trusts' books on a day-to-day basis, or manage or account for the trusts' financial activities. . . . [The defendant] has never maintained, or been engaged to maintain, trust records or to manage or account for the trusts' day-to-day financial activities."

The defendant also offered portions of Barberino's deposition testimony in support of its motion for summary judgment. That evidence indicated that the records of the trusts were maintained by Shari Krawiec, an employee at the Stephen Pontiac Cadillac automobile dealership owned by Barberino. Barberino testified in his deposition that those records originally were stored in an office at that dealership and later were stored in an office at a condominium complex owned by the trusts. Asked whether the defendant would have documents related to the trusts, Barberino answered "[o]nly what they would review at the end of the year . . . ." Barberino further testified that Krawiec provided the defendant with documents and other accounting information to facilitate preparation of the trusts' tax returns.

In light of that evidence, it was incumbent upon the plaintiffs to provide an evidentiary foundation to substantiate their allegation that the defendant was responsible for regularly maintaining records and accounting for the financial activities of the trusts. That they failed to do. We have reviewed the evidence submitted by the plaintiffs in opposition to the motion for summary judgment and conclude that it does not contain concrete evidence demonstrating the existence of such an issue of material fact. See *Gianetti* v. *Health Net of Connecticut, Inc.*, 116 Conn. App. 459, 469, 976 A.2d 23 (2009).

As this court has observed, "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." *United Services Automobile Assn.* v. *Marburg*, 46 Conn. App. 99, 110, 698 A.2d 914 (1997). The affidavits of Draskinis and Sgambati, in particular, plainly do not contain statements based on personal knowledge, as required under

Practice Book § 17-46.[5] Indeed, with respect to Draskinis, the court found, and we agree, that "much of what is sworn to . . . does [not] constitute facts that would be admissible at trial. Rather, much of the document consists of [statements] about matters which he has only learned of through reviews of deposition testimony, and offering statements that sound more like legal arguments than statements of fact."

In addition, Sgambati does not purport to have personal knowledge as to the substance of the numerous invoices appended to her September 10, 2010 "second affidavit in support of [the] supplemental objection to the motion for summary judgment." On a more basic level, the aforementioned invoices do not demonstrate that the defendant regularly maintained the records or accounted for the financial activities of the trusts during the decades in which it provided accounting services to the trusts, as the plaintiffs alleged in their complaint.

On our review of the pleadings, affidavits and other proof properly submitted, we conclude that there is no genuine issue of fact as to whether the defendant was responsible for maintaining records and accounting for the financial activities of the trusts. Accordingly, the trial court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

---

[5] Practice Book § 17-46 provides in relevant part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ."