******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# FRANCIS ANDERSON *v.* CHARLES DIKE ET AL.
## (AC 40799)

Alvord, Prescott and Norcott, Js.

*Syllabus*

The plaintiff, a patient in a state hospital, sought to recover damages from the defendant hospital employees, claiming that he suffered injuries when one of the employees, M, allegedly closed a door on the plaintiff's hand and intentionally kicked his hand into the door. The plaintiff brought the action against the defendants in their individual capacities and claimed that their conduct violated the patients' bill of rights (§ 17a-540 et seq.). The trial court granted the defendants' motion to dismiss as to all of the defendants except M. The court ruled that only M could be sued in her individual capacity because the plaintiff had alleged reckless, wanton or malicious conduct on her part. The court thereafter denied the plaintiff's motions for a jury trial and the appointment of counsel, and granted the defendants' motion for summary judgment and rendered judgment for the defendants, from which the plaintiff appealed to this court. *Held* that the trial court properly granted the defendants' motion for summary judgment, as the plaintiff did not meet his burden to demonstrate the existence of a genuine issue of material fact and failed to offer any evidence in opposition to the defendants' motion that properly could be considered at summary judgment: the plaintiff's affidavit in opposition to the defendants' motion could not be considered, as it neither was subscribed nor sworn to before a notary, the police reports attached to his opposition were not proper summary judgment evidence, as they were unauthenticated, and because the court properly granted the motion for summary judgment, it was not necessary to consider the plaintiff's claim that the court improperly denied his motion for a jury trial; moreover, there was no merit to the plaintiff's claim that the court improperly denied his motion for the appointment of counsel, as the legislature has not provided a statutory exception to the general rule that court-appointed counsel is not available in civil proceedings.

Argued October 25, 2018—officially released January 22, 2019

*Procedural History*

Action to recover damages for the defendants' alleged violation of the patients' bill of rights, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the court, *Domnarski, J.*, granted in part the defendants' motion to dismiss; thereafter, the court denied the plaintiff's motions for a jury trial and for the appointment of counsel; subsequently, the court granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Francis Anderson*, self-represented, the appellant (plaintiff).

*Darren P. Cunningham*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Jacqueline S. Hoell*, assistant attorney general, for the appellees (defendants).

*Opinion*

NORCOTT, J. The plaintiff, Francis Anderson, appeals from the summary judgment rendered by the trial court in favor of the defendants, Charles Dike, Thomas Ward-McKinley, Steve Lazrove and Heather Madison. The plaintiff claims that the court improperly (1) granted the defendants' motion for summary judgment, (2) denied his motion for a jury trial and (3) denied his motions for the appointment of counsel. We affirm the judgment of the court.

The record reveals the following facts and procedural history. The plaintiff commenced this action in September, 2014, pursuant to the patients' bill of rights, General Statutes § 17a-540 et seq. The plaintiff alleged the following facts in his complaint. On May 4, 2014, while the plaintiff was a patient in the Whiting Forensic Division of Connecticut Valley Hospital, Madison closed the door to the video room, located on unit 2, on his hand and then intentionally and forcibly kicked his hand into the door. The plaintiff went to the nursing station to request medical treatment for his hand, as it was swollen. The plaintiff initially was refused treatment by the nurse. Madison was threatening as well as verbally abusive to the point that Police Lieutenant Margaret G. Miner became involved. As a result of this incident, the plaintiff alleged that Madison was temporarily ordered off the unit. Finally, Lazrove witnessed and was complicit in covering up the incident, and Dike, Ward-McKinley, and Lazrove allowed Madison to pose a threat to the plaintiff's well-being.

In January, 2015, the defendants filed a motion to dismiss for lack of subject matter jurisdiction, asserting that a claim under General Statutes § 17a-550 for violation of the patients' bill of rights can be brought only against the state and not against individual state employees; therefore, the defendants in their individual capacities cannot be held liable for violations of General Statutes § 17a-542. The court granted the defendants' motion as to Dike, Ward-McKinley, and Lazrove. That court, however, denied the motion as to Madison. The court noted that "[General Statutes] §§ 17a-550 and 4-165 mean that a person can sue a state employee in his individual capacity for violations of the patients' bill of rights, but only for actions that are wanton, reckless or malicious."[1] (Internal quotation marks omitted.)

The court went on to note that as to Dike, Ward-McKinley and Lazrove, the plaintiff had alleged only that those defendants witnessed the incident, were complicit in allowing the incident to happen, and allowed Madison to again pose a threat to the plaintiff's well-being and safety, and that these allegations were not "sufficient to support a cause of action sounding in recklessness." The court denied the motion as to Madison, because when read in the light most favorable

to the plaintiff, the plaintiff in his complaint had alleged reckless, wanton or malicious conduct on the part of Madison.[2] As a result of this order, Madison is the only defendant who this action continues against in an individual capacity.

Throughout the pendency of the action, the plaintiff made a request for a jury trial as well as several requests to have counsel appointed for him. The court denied these requests. The defendants filed a motion for summary judgment, claiming that they had sustained their burden of establishing that there is no genuine issue of material fact pertaining to the plaintiff's claim that Madison intentionally or recklessly caused injury to the plaintiff. The court granted the defendants' summary judgment motion, concluding that the plaintiff did not provide evidence to raise a genuine issue of material fact.[3] This appeal followed.

On appeal, the plaintiff claims that the court erred by (1) concluding that the defendants sustained their burden of establishing that there is no genuine issue of material fact pertaining to his claim, (2) denying his claim for a jury trial and (3) denying his motions for the appointment of counsel.

First, we address the plaintiff's claim that the court improperly granted the defendants' motion for summary judgment because there existed a genuine issue of material fact. We are not persuaded.

"We begin our analysis with the standard of review applicable to a trial court's decision to grant a motion for summary judgment. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the

trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Ferri* v. *Powell-Ferri*, 317 Conn. 223, 228, 116 A.3d 297 (2015).

In their motion for summary judgment, the defendants proffered evidence demonstrating that the sequence of events the plaintiff described in his complaint did not take place. Such evidence included (1) a sequence of still photographs taken from a recording of the incident through a video camera that was in place on the unit; (2) an affidavit from a detective of the Department of Mental Health and Addiction Services who conducted an investigation, and reviewed the video footage of the alleged incident and found that the door never closed on the plaintiff's hand, nor did Madison kick the plaintiff's hand into the door; (3) an affidavit of an attending nurse who observed no indication of any injury to the plaintiff's hand or his fingernails; and (4) an affidavit of Dr. Katherine Sundstrom, a psychiatrist who, upon examining the plaintiff, observed no sign of distress or physical injury. On the basis of this evidence the defendants met their burden of demonstrating that there was no genuine issue of material fact to warrant a trial.

Faced with this evidence, the plaintiff had the obligation to proffer evidence that shows the existence of a genuine issue of material fact. The plaintiff failed to meet this burden. In support of his opposition to the defendants' motion for summary judgment, the plaintiff, in part, relied on his own affidavit. The court considered the affidavit in ruling on the motion to dismiss. In his affidavit, the plaintiff asserted that "[o]n May 4, 2014, Heather Madison on purpose kicked the door when the plaintiff was closing the door, and injured the plaintiff['s] fingers." Nevertheless, the court stated that "[t]he plaintiff has not sustained his burden of proving the existence of [a] material issue of fact regarding his claim against Madison."

In reviewing a grant of summary judgment, this court's review is plenary, and we are not bound to consider the affidavit simply because the trial court did so. Instead, we decline to consider the plaintiff's affidavit as summary judgment evidence because it neither was subscribed nor sworn to before a notary. Such affidavit is of no evidentiary value. *Viola* v. *O'Dell*, 108 Conn. App. 760, 768, 950 A.2d 539 (2008).

In addition to his defective affidavit, the plaintiff attached to his opposition to the motion for summary judgment unauthenticated police reports from Lieutenant Miner and Sergeant David J. Tuschhoff, the officers who witnessed the alleged incident. These unauthenticated reports are not proper summary judgment evidence. This court has made clear that "[the] rules [of practice] would be meaningless if they could be circumvented by filing [unauthenticated documents] in sup-

port of or in opposition to summary judgment. . . . Therefore, before a document may be considered by the court [in connection with] a motion for summary judgment, there must be a preliminary showing of [the document's] genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be." (Internal quotation marks omitted.) *Nash* v. *Stevens*, 144 Conn. App. 1, 15–16, 71 A.3d 635, cert. denied, 310 Conn. 915, 76 A.3d 628 (2013). "Documents in support of or in opposition to a motion for summary judgment may be authenticated in a variety of ways, including, but not limited to, a certified copy of a document or the addition of an affidavit by a person with personal knowledge that the offered evidence is a true and accurate representation of what its proponent claims it to be." (Internal quotation marks omitted.) *Gianetti* v. *Anthem Blue Cross & Blue Shield of Connecticut*, 111 Conn. App. 68, 73, 957 A.3d 541 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009).

The police reports offered by the plaintiff failed to meet this standard. The reports are neither accompanied by an affidavit of a person with personal knowledge that the reports are a true and accurate representation of what the plaintiff purports them to be, nor are the reports certified documents or authenticated by other means. The plaintiff has not offered any evidence that may properly be considered at summary judgment and, thus, did not meet his burden to demonstrate the existence of a disputed factual issue. Accordingly, the court properly granted the defendants' motion for summary judgment.

The plaintiff next claims that the court improperly denied his motion for a jury trial and his motions for the appointment of counsel. Because we conclude that the court properly granted the defendants' motion for summary judgment, we need not consider the plaintiff's claim regarding the denial of a jury trial. See, e.g., *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 281, 464 A.2d 57 (1983) ("[t]he motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried" [internal quotation marks omitted]).

Finally, there is no merit to the plaintiff's claim that the court improperly declined to appoint him an attorney because he is indigent and confined on account of having been found not guilty by reason of mental disease or defect.[4] As a general rule, court-appointed counsel is not available in civil proceedings. See *Kennedy* v. *Putman*, 97 Conn. App. 815, 816 n.3, 905 A.2d 1280 (2006). "The legislature, however, has created exceptions to the general rule . . . by providing for the appointment of counsel to represent indigent parties in certain civil actions. Among those who have a statutory right to counsel in civil cases are petitioners in habeas corpus proceedings arising from criminal matters, Gen-

eral Statutes § 51-296 (a); litigants in termination of parental rights cases, General Statutes § 45a-717 (b), and proceedings on behalf of neglected, uncared for or dependent children or youths, General Statutes § 46b-135 (b); and persons who might be involuntarily confined due to mental condition or for purposes of quarantine, e.g., General Statutes §§ 17a-498 and 19a-221. . . . In addition to the foregoing, our legislature has statutorily provided that, once a trial court determines that a defendant is indigent the court *must* appoint counsel (1) in any criminal action, (2) in any habeas corpus proceeding arising from a criminal matter, (3) in an extradition proceeding, or (4) in any delinquency matter. General Statutes § 51-296 (a)." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Small* v. *State*, 101 Conn. App. 213, 217–18, 920 A.2d 1024 (2007), appeal dismissed, 290 Conn. 128, 962 A.2d 80, cert. denied, 558 U.S. 842, 130 S. Ct. 102, 175 L. Ed. 2d 68 (2009). In the present case, the plaintiff's claims are brought pursuant to the patients' bill of rights. The legislature has not provided a statutory exception to the general rule for such cases, and, thus, the court properly denied the plaintiff's motions for the appointment of counsel.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 4-165 (a) provides: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter."

[2] The court held that the plaintiff's allegation that Madison "closed [a] door on [the plaintiff's] hand and then kicked [the plaintiff's] hand directly into the door on purpose" sufficiently pleaded a reckless disregard of the just rights or safety of others or of the consequences of the action. (Internal quotation marks omitted.)

[3] Because the plaintiff's claims against Dike, Ward-McKinley and Lazrove were dependent on the plaintiff's claims against Madison, the court rendered judgment in favor of all the defendants.

[4] Following an incident that occurred in 2012, the plaintiff, who had been incarcerated at that time, was found not guilty by reason of mental disease or defect of assault of a correction officer, breach of the peace and failure to submit to fingerprint identification, committed to the custody of the Commissioner of Mental Health and Addiction Services and thereafter transferred to the Whiting Forensic Division of Connecticut Valley Hospital. See *State* v. *Anderson*, 319 Conn. 288, 292, 127 A.3d 100 (2015).